IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL R. BAIZE, §
§ No. 30, 2016
Plaintiff Below, §
Appellant, §
§ Court Below - Superior Court
v. § of the State of Delaware
§
JOSEPH VINCENT and DANIELLE, § C.A. No. K13C-04-034
VINCENT, Husband and Wife, §
§
Defendant Below, §
Appellee. §

Submitted: September 14, 2016
Decided: October 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

# **O R D E R**

This 10th day of October 2016, upon consideration of the parties' briefs and the record of the case, it appears that:

1. Michael R. Baize filed a complaint in the Superior Court alleging claims of malicious prosecution and defamation against Dr. Joseph Vincent and Danielle Vincent. A jury rendered a verdict in favor of the Vincents, and Baize now appeals, asserting two claims. He contends that the trial court abused its discretion by (1) excluding from evidence a motion, filed by the State, to expunge a record of Baize's arrest on forgery charges and (2) quashing a subpoena which Baize served upon the deputy attorney general who had prepared and filed the expungement motion.

2.  Joseph Vincent and his sister were raised by their grandfather.  The grandfather named Donna C. Baize as guardian of Joseph and his sister and trustee of a trust for their benefit in the event of his death.  He died shortly thereafter, and Joseph and his sister, who were teenagers, were then cared for by Donna Baize and her husband Michael.

3.  Various disputes arose concerning the trust assets which resulted in litigation in the Court of Chancery.  After that litigation was resolved, Joseph, who by then had become Dr. Vincent, and his wife, Danielle, accused Michael of forging Dr. Vincent's name on six checks.  Michael was arrested and charged with six counts of Forgery in the Second Degree.  Eventually the State entered a *nolle prosequi* on all counts.  The State then filed a motion to expunge Michael's arrest record.  The motion was granted and the record was expunged.  Michael then initiated this litigation.

4.  A pre-trial stipulation was prepared on or about November 20, 2015.  Baize listed the motion to expunge his arrest record as a trial exhibit.  The Vincents listed a number of objections to introduction of the motion.  At about the same time, Baize had a subpoena served upon Stephen Welch, the deputy attorney general who had prepared and filed the motion to expunge Baize's arrest record.  Baize also listed the deputy attorney general as a witness in the pre-trial stipulation.

5.  On the same day that the parties filed their pre-trial stipulation, counsel for

Baize sent a letter to the trial judge arguing that the motion to expunge Baize's arrest record was admissible under Delaware Rule of Evidence 201(b)(2). That rule allows a court to take judicial notice of adjudicative facts if such facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Baize argued that because the motion was from a docket in an underlying action, and "from a source whose accuracy cannot be reasonably questioned," it fell under Rule 201(b)(2). In his letter, counsel further stated that it was his position that if the motion could be introduced as evidence, he would prefer to withdraw the subpoena. Counsel for the Vincents responded with a letter in which they continued to object to the admissibility of the motion, but stated that they were willing to stipulate that the forgery charges were expunged.

6. On November 30, 2015, the trial court ruled that the motion to expunge Baize's arrest record was not admissible under Rule of Evidence 201(b)(2), noting that the motion contained statements which were unproven and that the document contained statements that may be unfairly prejudicial to the Vincents. The trial court also took note of the Vincents' offer to stipulate that the arrest record was expunged.

7. In the meantime, the Department of Justice sent a letter to the trial court dated November 25, 2015 asking it to quash the subpoena. By order dated December 10, 2015, the Superior Court quashed the subpoena. The court stated, "It will not be necessary for Mr. Welch to appear for the sole purpose of testifying as to the

dismissal and/or *nolle prosequi* of the criminal charges." The court further stated that "[t]he parties may submit an appropriate stipulation," no doubt referring to the offer of the Vincents to stipulate to the dismissal and expungement of the charges. Baize's counsel did not assert any objection to the trial court's order.

8. A three-day trial commenced on December 14, 2016. As mentioned, the jury returned a verdict for Dr. and Mrs. Vincent finding that they were not liable for malicious prosecution and defamation of Mr. Baize. This appeal followed.

9. On appeal, Baize argues that the motion to expunge his arrest record was admissible because it contained admissions by Dr. Vincent as a party-opponent. However, this argument was not presented to the trial court. In the trial court, Baize relied solely on his judicial notice argument. Baize also argues that the trial court abused its discretion by quashing the subpoena. However, in the trial court Baize never objected to the subpoena being quashed. Under these circumstances, we find that the arguments which Baize raises on appeal were not fairly presented to the trial court. Therefore, under Supreme Court Rule 8, they will not be considered on appeal, unless the interests of justice so require. Review of an alleged error under the interests of justice exception is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive [a party] of a substantial right, or which clearly show manifest

injustice."[1]  Baize has not met this demanding standard.

NOW, THEREFORE, IT IS ORDERED that the final judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[1] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).